UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 07-21885-CIV-GOLD/MCALILEY

IN RE:

DIAGNOSTIC INSTITUTE OF FLORIDA, INC.,
GUILLERMO ACHONG, JUDY SMALLWOOD
ACHONG. and GUILLERMO ACHONG M.D., P.A.,

    Debtors.
_____/

LAW OFFICE OF RONALD WEIL, P.A.,

    Appellant,

v.

UNIVERSAL FINANCIAL SOLUTIONS LLC,

    Appellee.
_____/

## ORDER AFFIRMING BANKRUPTCY COURT ORDER; CLOSING CASE

THIS CAUSE comes before the Court on the appeal by the Law Office of Ronald Weil, P.A. of the Bankruptcy Court's order dated June 4, 2007 denying Weil's Motion to enforce the charging lien from the proceeds of distribution to Universal Financial Solutions. This bankruptcy appeal was reassigned to me on April 24, 2008. Having considered the record on appeal, the transcript of the oral argument before the Bankruptcy Court on June 4, 2007, the parties' briefs, and the applicable case law, I affirm the Bankruptcy Court's order.

I.    <u>Background</u>

Appellant Law Office of Ronald Weil, P.A. ("Weil") represented Appellee Universal Financial Solutions LLC ("Universal") in a state action, Case No. 06-00088, filed in the

1

Eleventh Judicial Circuit in Florida. Mot. at 1 [DE 1-3 at 103]. That case was proceeding until the Debtors filed for bankruptcy in the proceeding underlying this appeal. See Trans. June 4, 2007, at 3. Appellee Universal is a creditor of the Debtors. Resp. at 1 [DE 1-3 at 117].

Appellant Weil represented Appellee Universal for a period in the underlying bankruptcy case. On January 16, 2007, the Bankruptcy Court allowed Appellant Weil to withdraw from the representation of Appellee Universal. Mot. at 2 [DE 1-3 at 104].

In April of 2007, Appellant Weil filed a Notice of Filing Charging Lien for the Law Offices of Ronald Weil, P.S. in the underlying bankruptcy proceeding. This Notice represents that Ronald Weil is owed $41,762.69 in unpaid legal fees, DE 1-3 at 109, and this entire amount represents unpaid legal fees for work performed in the state action. Appellant Br. at 4. On May 15, 2008, Appellant Weil filed its Motion to enforce the charging lien from proceeds of the distribution to Appellee Universal. DE 1-3 at 103. In this Motion, Appellant represented that Appellee will be entitled to a distribution of funds in the underlying bankruptcy proceeding, and at the oral argument before the Bankruptcy Court, Appellant Weil represented that it was his understanding that the Court had approved a carve-out of over three million dollars to Appellee Universal. Trans. June 4, 2007 at 4. Appellant Weil argued that his unpaid attorney fees should be paid prior to any distribution to Appellee Universal. Mot. at 3 [DE 1-3 at 105].

At the oral argument on June 4, 2007, Appellant Weil represented that "our firm was representing this creditor when a bounced check, actually the second bounced check from this particular party, was received by our office on November 10th. This is a copy of the bounced check for $27,000. . . . So as a result of not being able to contact him, as a result

2

of the amount owed, and as a result of the pending obligations on our firm, we withdrew."

Trans., June 4, 2008, at 5-6.

After hearing argument by both counsel, the Bankruptcy Court made the following ruling on the record:

> In order to assert a charging lien in the State of Florida, you have to show four things; and I am citing now amongst many other cases, but in this particular instance St. Clair, Louis, Segal, Keith, Nussbaum and Zafert Nick versus Valcom, 428 So.2d 1383, Florida 1983, in which the Florida Supreme Court noted that there must be a contract between the attorney and the client. I don't think there is an issue here that Mr. Weil's firm was retained by Universal.
>
> There must be an understanding expressed or implied by the parties that payment is either dependent upon recovery or that payment will come from the recovery.
>
> I don't know that that is necessarily the case here, but I don't find that to be necessary to my ruling that there has to be a successful recovery with respect to that engagement. We will get to that in a moment, and that there's been an attempt to avoid the payment of fees.
>
> I don't think there's any dispute by Mr. Brooks that Universal has not paid the fee, although as I said we don't have an evidentiary hearing today. So the issue really comes to successful recovery. . . .
>
> In this particular case, the situation that we have is that the results obtained in this court were obtained only after Mr. Weil's, the relationship with Universal, was terminated and by whom, I don't need to decide whether, Mr. Weil, you terminated your client or your client terminated you.
>
> What I do know is that your firm failed to timely file a proof of claim. In chapter 7, the case law is clear, although against I am not ruling on the issue today, that excusable neglect is not a standard by which a late filed claim can be allowed and, therefore, that the hearing on the motion for late filed claim, which I do recall Mr. Frank was here and there was a continuance asked so that the parties could have an opportunity to try to come to a resolution of the problems that were created by that.
>
> As to the Third Circuit Court of Appeal in Florida, in Littman versus Fine Jacobson, et al, 517 So.2d 88, Florida Third DCA, 1987, Judge Daniel Pearson noted, it is not enough to support the imposition of a charging lien

that attorney has provided his services. His services must, in addition, produce a positive judgment or settlement for the client since the lien will attach only to the tangible fruits of the services.

I find that in this case, it is despite Mr. Weil's representation that a positive result was obtained, not because of it, that any results obtained were the efforts of Mr. Frank and Mr. Brooks. Having said that, Mr. Weil, under no circumstances am I suggesting that you do not have an absolute right to pursue your former client for the payment of any fees that you believe you are owed, and to the extent that your client believes that they have a counterclaim, that is an issue to be determined by another court, not by me.

Trans. June 4, 2007 at 15-17.

The Bankruptcy Court subsequently issued a brief order denying Appellant Weil's Motion to enforce its charging lien. Appellant Weil now appeals that order and argues that the Bankruptcy Court erred with respect to both the facts and the law.

II.   Standard of Review

District courts sit as appellate courts over bankruptcy decisions. *Miner v. Bay Bank & Trust Co. (In re Miner)*, 185 B.R. 362, 365 (N.D. Fla. 1995), aff'd, 83 F.3d 436 (11th Cir. 1996). A district court reviews a bankruptcy court's legal conclusions de novo, *In re Englander*, 95 F.3d 1028, 1030 (11th Cir. 1996), and a bankruptcy court's factual findings for clear error, Fed. R. Bankr. P. 8013; *In re Gamble*, 168 F.3d 442, 444 (11th Cir. 1999).

When district courts review the factual findings of a bankruptcy court, the burden of showing that the bankruptcy court's findings are clearly erroneous is upon the appellant. *Acquisition Corp. of Am. v. Fed. Sav. & Loan Ins. Corp.*, 96 B.R. 380, 382 (S.D. Fla. 1988). A finding of fact is not clearly erroneous unless "this court, after reviewing all the evidence, is left with the definite and firm conviction that a mistake has been committed." *IBT Int'l, Inc. v. N. (In re Int'l Admin. Serv., Inc.)*, 408 F.3d 689, 698 (11th Cir. 2005) (internal

citations omitted). If the bankruptcy court's opinion "is silent or ambiguous as to an outcome determinative factual question, the case must be remanded to the bankruptcy court for the necessary factual findings." *In re Rudolph*, 233 Fed. Appx. 885, 887 (11th Cir. 2007).

III. Discussion

According to the law of this Circuit, federal courts apply state law when determining whether an attorney has a valid charging lien. *Gottlieb v. GC Fin. Corp.*, 97 F.Supp. 2d 1310, 1311 (S.D. Fla. 1999) ("Federal courts, although they recognize no common-law lien in favor of attorneys, give effect to the laws of th estates in which they are held."); *see Zaklama v. Mount Sinai Med. Ctr.*, 906 F.2d 650, 652 (11th Cir. 1990) ("The rights and obligations of parties to a contract, which provides attorney's fees upon the happening of a contingency, are governed by state law."). In Florida, the requirements for an attorney's lien are not set out by statute and are instead governed by Florida case law. *Daniel Mones, P.A. v. Smith, Inc.*, 486 So. 2d 559, 561 (Fla. 1986).

Under Florida law, a charging lien "is an equitable right to have costs and fees due an attorney for services in the suit secured to him in the judgment or recover in that particular suit." *Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom*, 428 So. 2d 1383, 1384 (Fla. 1983). As such, "[a]ll proceedings in Florida to resolve an attorney's charging lien for legal services are equitable in nature." *State Contracting & Eng'g Corp. v. Condotte Am., Inc.*, 2004 WL 5500705, *15 (S.D. Fla. Oct. 27, 2004) (citing *Nichols v. Kroelinger*, 46 So. 2d 722 (Fla. 1950)). Under Florida law, in order to impose a charging lien, a court must find: "(1) a contract between the attorney and client; (2) an

5

express or implied understanding that payment is either contingent upon recovery or will be paid from the recovery; (3) an attempt by the client to avoid paying or a dispute as to the amount of the fee; and (4) a timely notice of a request for a lien." *Weed v. Washington (In re Washington)*, 242 F.3d 1320, 1323 (11th Cir. 2001); *see State Contracting*, 2004 WL 5500705, at *15. The attorney seeking the charging lien must show these four elements. *Gottlieb*, 97 F.Supp. 2d at 1311

In addition, the Bankruptcy Court concluded that for a charging lien to be imposed, "[h]is services must, in addition, produce a positive judgment or settlement for the client since the lien will attach only to the tangible fruits of the services." Trans. June 4, 2008 at 17 (citing *Litman v. Fine, Jacobson, Schwartz, Nash, Block, & England*, 517 So. 2d 88, 91-92 (Fla. 3d DCA 1987) ("It is not enough, however, to support the imposition of a charging lien that an attorney has provided his services; the services must, in addition, produce a positive judgment or settlement for the client, since the lien will attach only to the tangible fruits of the services. *Sinclair, Louis*, 428 So. 2d at 1385; *Pasin v. Kroo*, 412 So. 2d 43 (Fla. 3d DCA 1982) (error to impose charging lien on money received by client from sale of condominium where attorney unsuccessfully defended client in suit for specific performance of condominium sale contract)")). Here, the Bankruptcy Court concluded that Appellant Weil did not have a valid charging lien because by failing to timely file a proof of claim, the positive results in this case were achieved in spite of Appellant's services, not because of them.

Appellant argues that the Bankruptcy Court erred in concluding that Appellant did not have a valid charging lien based on the Court's finding that Appellant's actions did not achieve a positive result. The Bankruptcy Court and the parties acknowledged that

6

Appellee Universal will receive monies from the settlement of the bankruptcy proceedings, but the Bankruptcy Court concluded that any positive result to Appellee Universal was due to the services of other attorneys and not Appellant Weil.  However, the *Litman* case cited by the Bankruptcy Court in support of this conclusion does not extend this far; instead, it holds only that the legal services must "produce a positive judgment or settlement" and that where there is no recovery, a lien may not be imposed.  *Litman*, 517 So.2d at 91-92.  Furthermore, the Bankruptcy Court's conclusion that Appellant could not be entitled to a charging lien because the positive result to its former client was not due to his services is not consistent with Florida law.  *See Feldman v. New Alliance Ins. Co.*, 722 So. 2d 938, 939 (Fla. 3d DCA 1998) ("The trial court denied Feldman's motion for attorney's fees under the rationale that the suit against New Alliance was filed 'prematurely' and did not actually help his client's position with respect to recovering insurance proceeds.  This appeal followed.  It is undisputed that attorney Feldman provided some legal services to Bryant and that he established a charging lien relating to these services.  Ultimately, the suit initiated by Feldman on Bryant's behalf resulting in a settlement with New Alliance favorable to Bryant.  Certainly, Feldman was entitled to a reasonable value of the work he performed for Bryant.  *See e.g., Rosenberg v. Levin*, 409 So.2d 1016 (Fla. 1982); *Sohn v. Brockington*, 371 So.2d 1089 (Fla. 1st DCA 1979)."); *see also In re Washington*, 242 F.3d at 1323 ("In effect, the interest created by a valid attorney's charging lien arises by operation of law when all of the requirements of such a lien are satisfied and is effective from the commencement of the attorney's services in advance of any judicial action recognizing it.")

Nevertheless, based on my review of the pleadings below, the transcript from the

7

June 4, 2007 oral argument, and the briefs on appeal, Appellant Weil has not argued that there was an express or implied understanding that payment was either contingent upon recovery or would be paid from recovery. Appellant does not cite to or attach any contract between Appellant Weil and Appellee Universal, nor does Appellant represent that it had an oral agreement or implied understanding that payment would be contingent upon recovery or paid from recovery.

Because Appellant has not even argued the existence of an express or implied understanding that payment was contingent upon recovery or would be paid from recovery, the second element required for the imposition of a charging lien is not met in this case. See State Contracting & Eng'g Corp. v. Condotte Am., Inc., 368 F. Supp. 2d 1296, 1304 (S.D.Fla. 2005) ("SCED never expressly or implicitly agreed to a definition of 'settlement' or 'recovery' that would allow Ross to include the present value of SCEC's future royalties in the contingent fee. . . . As such, since these future royalties were not contracted for in the agreement, Ross' charging lien may not now attach to this property."); Hogben v. Wyndham Int'l, Inc., 2007 WL 2225970, *9 (S.D. Fla. Aug. 1, 2007) ("The Court disagrees [that the attorney had met the elements] because on its face the elements of a charging lien in this litigation have not been met, principally because the record reveals no 'express or implied understanding that payment is . . . contingent upon recovery' in this case. . . .Having failed to allege that his contingent fee under his contract was to be determined in part from the recovery obtained in this case, Capua's charging lien is a nullity.")

Consequently, I affirm the Bankruptcy Court's order denying Appellant Weil's Motion to enforce the charging lien based on this ground. Although I recognize that the Bankruptcy Court did not base its decision on Appellant's failure to argue this required

element, I may affirm on any ground supported by the record. *Bircoll v. Miami-Dade County*, 480 F.3d 1072, 1088 n.21 (11th Cir. 2007).

Although Appellant argues that it was entitled to an evidentiary hearing before the Bankruptcy Court, based on my review of the pleadings and the transcript of the oral argument on June 4, 2007, Appellant Weil did not request an evidentiary hearing, nor did the parties or the Bankruptcy Court argue whether Appellant was entitled to an evidentiary hearing. Appellant includes no citations to the record which would show that this issue had been raised in the proceedings below. Under the law of this Circuit, an appellate court "will not, as a general rule, consider an issue that is raised for the first time on appeal." *Hatch v. Harpley (In re Mayer)*, 235 Fed. Appx. 730, 732 (11th Cir. 2007) (noting that the only issues properly before the Court were those noted by the parties in the bankruptcy court).

Because I affirm the Bankruptcy Court's order based on Appellant's failure to argue or address the second required element for the imposition of a charging lien, I do not address the Appellant's remaining arguments. As stated by the Bankruptcy Court at the June 4, 2007 oral argument, Appellant is not precluded by this decision from pursuing its claim for attorney's fees in a separate action. Accordingly, it is hereby

ORDERED AND ADJUDGED that

1. The Bankruptcy Court's June 4, 2007 order denying the Motion to enforce the charging lien is AFFIRMED.

2. This appeal is CLOSED.

3. The oral argument scheduled for August 15, 2008 is CANCELLED.

DONE AND ORDERED in Chambers in Miami, Florida this 13 day of August, 2008.

_____
THE HONORABLE ALAN S. GOLD
UNITED STATES DISTRICT JUDGE

cc:
U.S. Magistrate Judge Chris M. McAliley
All counsel of record